JUNG vs. SECOND WARD SAVINGS BANK.

*August 31 — September 19, 1882.*

*Payment by bank to depositor: Risk of transmission of draft by mail: Address.*

1. One who requests a bank to remit to him by draft the money which he has on deposit therein, and which by the rules of the bank is payable only at its counter, assumes the risk of the transmission of the draft in the usual way by mail; and the mailing of such draft, properly addressed, discharges the debt of the bank to him.

2. In transmitting such draft the bank may adopt the address contained in the letter requesting the remittance, and is not bound to use a more particular designation or mode of address for the purpose of insuring delivery to the proper person.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover moneys deposited in the defendant bank. The answer alleged payment. The facts appear from the opinion. The plaintiff appealed from a judgment dismissing the complaint.

. *J. C. Ludwig*, for the appellant:

The relation of the bank to the plaintiff is that of a debtor to a creditor. Morse on Banks, 25; Story on Bailments, ch. 88; *Shoemaker v. Hinze*, 53 Wis., 116. Payment, as a general rule, must be in money or its equivalent and be received as payment. *Kingston Bank v. Gay*, 19 Barb., 459. Money or its equivalent cannot be appropriated to a debt till it has passed from the control of the debtor; if lost before a distinct act of appropriation, the loss is on the debtor. *Phillips v. Mayer*, 7 Cal., 81; *Huntley v. Stone*, 4 Wis., 91. When payment is made by a remittance by post to the creditor, the debtor must prove either the express direction of the creditor to remit in that mode, or a usage or course of dealing between the parties, from which the authority of the creditor may be inferred. 2 Greenl. on Evi., sec. 525; *Gurney v. Howe*, 9 Gray, 404. Payment of a note to a party having no legal title cannot prejudice the true owner. Morse on Banks, 305; *Herbert v. Woods*, 3 La. Ann., 254; *People v. Smith*, 43 Ill., 219; *Talbot v. Bank of Rochester*, 1 Hill, 295. A note indorsed by another person of the same name with the real payee or special indorser is a forgery. 2 Parsons on N. & B., 584; *Mead v. Young*, 4 Term, 28. In this case the plaintiff allowed the bank its discretion only as to the character or form of the medium of payment, but in no way indicated what mode of transmission should be used. In the absence of any authority from the plaintiff to remit by mail, the right of property in the draft remained in the bank until an absolute delivery to, and a distinct act of appropriation by, the plaintiff; and the risk of its transmission in that mode was upon the bank. See *Burr v. Sickles,*

17 Ark., 428. It was gross negligence on the part of the bank to forward a draft of so large a sum to the plaintiff, who was a stranger in and simply a transient resident of so large a. place as Wiesbaden, without even adding to his name on the draft the words "of Milwaukee." See *Walter v. Haynes*, Ryan & M. (21 Eng. C. L.), 149. Again a safer mode of transmission might have been adopted, as by express, or by registered letter, thereby putting the person addressed to the process of identification by the postal authorities.

For the respondent there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, and oral argument by *Mr. Cotzhausen*. They cited, 2 Parsons on Con., 620; Lawson on Usages, 316; Chitty on Bills, 237; Chitty on Con., 825; *Warwicke v. Noakes*, Peake, 67; *Crane v. Pratt*, 12 Gray, 348; *Chapman v. Union Bank*, 32 How. Pr., 95.

COLE, C. J. The facts in this case on which the question of law arises are these: The plaintiff had on deposit to his credit in the savings department of the defendant bank the sum of $954. Being at Wiesbaden, in Germany, he addressed a letter to the cashier of the bank, with this request: "To remit to me the sum which may be due me upon my bank-book by draft, or in such manner as you think is best, so that I can draw the money at Frankfort-on-the-Main." Pursuant to this request the defendant drew its bill of exchange on a bank at Frankfort for the amount, payable at sight to the order of the plaintiff, inclosed the same in a sealed envelope addressed to *Mr. Phillip Jung*, Wiesbaden, Germany, Europe, and transmitted the same by mail in the usual course of business. In due time the drawee in said bill returned the same to the defendant, indorsed "paid." In point of fact, however, the bill never came to the hands or possession of the plaintiff, but was delivered by the officials of the postal department at Wiesbaden to another person of the name of

Phillip Jung, who indorsed the same and obtained the money thereon without the knowledge, consent, or authority of the plaintiff.

Under these circumstances, is the defendant bank bound to make good the loss, the money having been paid by the drawee to the wrong person? We fail to perceive upon what principle of law it can be held liable. The learned circuit court decided that the bill of exchange was issued and transmitted, in conformity to the written directions of the plaintiff, in the usual and ordinary course of business, and that in so transmitting the same the defendant used ordinary care and diligence to the end it might reach the plaintiff. It seems to us this view of both the law and facts of the case is indubitably correct. The money was remitted to the plaintiff in strict conformity to his express written direction. It was remitted "by draft" on a Frankfort bank, as he requested, in the usual way, by mail. If a loss has happened it is certainly not through the fault of the defendant; for certainly the plaintiff's letter to the cashier clearly authorized or justified the bank in remitting the money as it did, if language means anything. The plaintiff saw fit to take the risk of this mode of transmission. When the draft was properly mailed and addressed to him at Wiesbaden it became his property, and the defendant discharged its obligation to him. It cannot be held liable to pay the money again because the draft came to the possession of the wrong party. It is true, the plaintiff directed the cashier to remit "by draft or in such manner as you think is best, so that I can draw the money at" Frankfort. But in this he clearly indicated one mode of transmission, namely, by draft. This mode the bank adopted. If the bank had selected some other usual and proper way of transmitting the money, as by letter of credit, it would doubtless have been within the direction given. But it did not see fit to exercise any discretion in the premises, but remitted the money by draft, as the

plaintiff requested. It fully performed its duty and discharged its debt.

But the learned counsel for the plaintiff insisted that the officers of the bank were guilty of negligence because they did not in some way more clearly designate the person for whom the letter was intended. It is said they should have addressed it to *Phillip Jung*, of Milwaukee, Wisconsin, or should have adopted some other address which would have secured its right delivery. It is sufficient to say, in answer to this argument, that the plaintiff did not direct the bank to use any such designation or mode of address in sending the draft to him. The defendant was surely authorized to adopt the address contained in the letter sent to it. It is further said the evidence shows that Wiesbaden was a large city which is resorted to during the summer season by thousands for the purpose of bathing; that there might have been a dozen persons by the name of Phillip Jung in the city at the time, to whom the draft was liable to be delivered. Assuming this to be so, and that the officers of the bank had knowledge of these facts, still, did the rule of diligence require them to do more than adopt the address furnished in the letter itself? It seems to us not. It was the duty of the plaintiff, under the circumstances, to take precaution that the letter should not be delivered by the post-office officials to the wrong person. The same counsel further relied upon the rule that where payment is made by remittance by mail to the creditor the transmission is ordinarily at the risk of the debtor. This is doubtless so in the absence of an express direction of the creditor to remit in that way, or where there is no usage or course of dealing from which the authority of the creditor to so remit may be inferred. *Burr v. Sickles*, 17 Ark., 428, and authorities cited in the opinion. Here there was express authority to remit by draft in the usual way. Besides, it must be observed that by the rules of the defendant the money was payable at its counter,

and it was not its duty to seek the plaintiff and pay him. The money was transmitted by the defendant by draft on the Frankfort bank, solely for the accommodation of the plaintiff. And as this was done in accordance with the plaintiff's letter in the usual way, the draft was at his risk while in the course of transmission. *Graves v. American Exchange Bank*, 17 N. Y., 205. In any view of the case we think the defendant has fully discharged its obligation to the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.